UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA AND ERIC LENTZ, husband and wife and the marital community of them composed,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION; BLACK AND WHITE I-V; DOES I-V,<br><br>Defendants. | CASE NO. 2:22-cv-1439<br><br>ORDER |

On January 19, 2024, the Court heard oral argument on Plaintiff Cassandra Lentz's Partial Motion For Summary Judgment and Motion to Exclude Expert Witness. Dkt. Nos. 19, 21. The Court considered the parties' briefing and argument and informed them that both motions would be DENIED. This written Order memorializes the Court's oral ruling.

This is a personal injury action. *See* Dkt. No. 1. Lentz alleges she tripped over an uneven portion of pavement while entering the West Seattle Target on November 12, 2020. Dkt. No. 1-1.

**ORDER** - 1

Lentz argued summary judgment is appropriate because there are no remaining questions of fact about whether the uneven pavement where Lentz tripped was a dangerous condition or Target's notice about the alleged hazard. Lentz's retained expert opines the uneven pavement violated building codes and constituted a dangerous condition. Dkt. No. 22-1. Lentz argues Target had actual or constructive knowledge of the condition, in part, because Target's records indicate that another customer fell in the same area. Dkt. No. 21. While Lentz may argue to a jury that these facts prove her negligence claim, her arguments are just that—argument. Based on the Court's review of the record, there are material questions of fact concerning whether a dangerous condition existed when and where Lentz fell, whether Target exercised reasonable care to discover or prevent the condition, and whether Target had actual or constructive knowledge of the condition. Only a jury can resolve these questions. Lentz's Motion For Summary Judgment is thus DENIED.

Next, Lentz argues that Target's retained expert witness, Dr. Eichinger, must be excluded because Target produced his expert report late. Target disclosed Dr. Eichinger as a retained expert on May 22, 2023, but it did not produce his expert report to Lentz until she moved to exclude Dr. Eichinger in November, which was nearly three months after the Court's expert disclosure deadline. *See* Dkt. Nos. 11, 25.

Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). A party may avoid automatic exclusion if it proves that its failure to disclose was

**ORDER** - 2

justified or harmless. *Id*. Under Rule 37(c)(1), "a party facing sanctions under that provision bears the burden of showing that a sanction other than exclusion is better suited to the circumstances." *Merch.*, 993 F.3d at 741. If a party fails to do so, the Court "does not abuse its discretion in excluding evidence where such action is otherwise justified." *See id*.

Target's late disclosure was not justified—its counsel admitted as much at the hearing. The only argument Target proffered with any teeth was that Lentz's motion came after the Court's deadlines for discovery motions and for challenging expert witness testimony. Dkt. No. 11. Target argued that if the Civil Rules are to be strictly enforced, as Lentz would have it, they should apply with equal force to forbid Lentz's untimely motion to strike Dr. Eichinger. Lentz responded it was not her burden to demonstrate a lack of harm, and she argued unconvincingly that her motion was in fact a dispositive motion and therefore timely under the Court's scheduling order. Lentz's motion is not dispositive in nature and is what it appears to be—an untimely to exclude expert testimony.

But given Target's inexcusable late disclosure and the obvious harm done to Lentz and her trial preparation, Target's conduct cannot simply be overlooked. Thus, the Court imposes several of the lesser-sanctions proposed by Target:

1. Lentz is granted leave to depose Dr. Eichinger;
2. Target will pay for Dr. Eichinger's deposition, including reasonable deposition costs and expert fees, but the parties will bear their own fees in connection with Lentz's motion to strike.

The parties must work cooperatively to identify a mutually agreeable date for Dr. Eichinger's deposition, but it should be scheduled soon given the fast-approaching trial. Lentz is granted leave to file a *Daubert* challenge to Dr. Eichinger, but any *Daubert* motion must be filed within a week of his deposition. If Lentz decides to file a *Daubert* motion, the parties should agree on an expedited briefing schedule. Lentz may also seek leave to conduct limited follow-up discovery, but only after conferring with Target first. The parties must file a notice with the Court once Dr. Eichinger's deposition is completed.

It is so ORDERED.

Dated this 24th day of January, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 4