UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA AND ERIC LENTZ, husband and wife and the marital community of them composed,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION; BLACK AND WHITE I-V; DOES I-V,<br><br>Defendant. | CASE NO. 22-cv-01439<br><br>ORDER SETTING PRETRIAL PROCEDURES |

The Court raises this matter sua sponte. Trial is scheduled to commence on March 18, 2024. The Pretrial conference will be held on March 11, 2024 at 10:00 a.m. Dkt. No. 14. This Order provides the parties additional guidance about the Court's pretrial procedures.

## 1. SCHEDULING ORDER AND PRETRIAL PROCEDURES

The dates in Order Granting Stipulated Motion to Continue Trial And Setting New Pre-Trial Deadlines remain in effect ("Scheduling Order"), Dkt. No. 14, but the parties are bound by this Order's pretrial procedures. *See also* Dkt. Nos. 18, 34. The Local Civil Rules set all other dates. The dates listed in the Scheduling

ORDER SETTING PRETRIAL PROCEDURES - 1

Order and set by the Local Civil Rules are firm and cannot be changed by agreement between the parties. Only the Court may alter the remaining dates in the Scheduling Order, and it will do so only if good cause is shown. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event must be performed on the next business day.

If the scheduled trial date creates an irreconcilable conflict, counsel must email Grant Cogswell, Courtroom Deputy, at grant_cogswell@wawd.uscourts.gov within 10 days of the date of this Order, explaining the exact nature of the conflict. Failure to do so will be considered a waiver. Counsel must be prepared to begin trial on the date scheduled but should understand that trial may have to await the completion of other cases.

## 2.   COOPERATION

As required by LCR 37(a), all discovery matters should be resolved by agreement if possible. Counsel are also directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

## 3.   PRETRIAL PROCEDURES

**3.1   Pretrial Order.**

When filing the pretrial order, the parties must also send a Microsoft Word version of the proposed order, including witness and exhibit lists, to whiteheadorders@wawd.uscourts.gov.

### 3.2   Jury Instructions

As much as possible, the parties should agree on one stipulated set of proposed jury instructions. Only true uncertainty about the binding substantive law should prevent such agreement. The Court will usually follow the current version of the Manual of Model Jury Instructions for the Ninth Circuit or the Washington Pattern Jury Instructions—Civil, where appropriate. The parties must follow LCR 51 in all other respects.

### 3.3   Exhibits.

The parties must deliver the original trial exhibits and one copy to Grant Cogswell, Courtroom Deputy, five (5) days before the trial date. Each exhibit must be clearly marked. The Court alters the LCR 16 procedure for numbering exhibits as follows: Plaintiff's' exhibits should be numbered consecutively beginning with 1; Defendant's exhibits should include the prefix "A" and should be numbered consecutively beginning with A-1. Duplicate documents should not be listed twice. Once a party has identified an exhibit in the pretrial order, any party may use it. Each set of exhibits must be submitted in a three-ring binder with appropriately numbered tabs.

In addition, no later than seven (7) days before the trial date, the parties should send an electronic copy of all exhibits in PDF format with Optical Character Recognition ("OCR") searchable text to Mr. Cogswell. The parties should notify the Court of any physical objects or files that cannot be transmitted electronically. Exhibits must be marked as described above, and the protocols below also apply: (1)

Electronic exhibits must be transmitted individually (i.e., one exhibit per file), but exhibits may have multiple pages; (2) Exhibit file names should match the descriptions listed on the joint exhibit list as closely as possible except that file names should not exceed 80 characters (e.g., Ex. 1 – Accident Scene Photo; Ex. A-1 – Email dated 4-03-23).

Even exhibits the Court finds admissible and stipulated exhibits must be offered into evidence before they are formally admitted at trial.

**3.4    Streamlining Evidentiary Disputes.**

As best they can, counsel should anticipate any evidentiary issues that might require argument, and they should raise those issues outside the presence of the jury. To this end, at the close of each trial day, counsel must exchange a list of witnesses and exhibits (other than those used for impeachment of an adverse witness) that may be offered into evidence the next day. The first list should be exchanged two days before the first trial day.

If the opposing party objects to any witnesses or exhibits, the parties must meet and confer to resolve any objections and to reach stipulations. If objections remain after conferring, the party offering the disputed exhibit(s) must email Grant Cogswell, Courtroom Deputy, by 8:00 p.m. with a list of the disputed exhibit(s) to be offered the next day. If possible, the Court will rule on the admissibility of any disputed exhibits or witnesses before the start of each trial day.

**3.5     Remote Jury Selection.**

The jury will consist of no fewer than seven (7) and no more than 12 members, and there will be no alternates. The Court will advise the parties how many jurors will be empaneled at the pretrial conference.

The Court will conduct jury selection over Zoom unless the parties object and good cause is shown why jury selection should not take place through remote video means. Prospective jurors will participate on their personal computers or handheld devices. Limited technical support and court-provided computers are available to prospective jurors who identify their needs in advance.

Voir dire will unfold on Zoom in successive panels sincenot all prospective jurors will fit on a display screen at once. Panels will typically consist of 12-15 jurors per panel.

The Court will examine the prospective jurors using "screening" questions to identify hardships and conflicts. These questions can generally be answered with a "yes" or "no" response. The parties may also submit general screening questions, which the Court may ask of panel members. Open-ended questions or multi-part questions are not appropriate for this portion of voir dire.

Following the Courts screening, counsel may examine the panel members directly. The Court will establish time limits for attorney-led voir dire at the pretrial conference, but regardless of time, the Court will instruct counsel to move on with the examination if questioning becomes too repetitive or irrelevant, or if counsel tries to argue the merits of the case. Typically, the parties will be given an

initial 20 minutes for questioning, followed by another 10 minutes of follow-up questions.

Following each panel, the parties may challenge for cause. Once all challenges for cause have been heard, the Court will hear peremptory challenges. Each side ordinarily has three peremptory challenges, which will be made using a "strike sheet" in alternating fashion, beginning with the plaintiff. *See* Fed. R. Civ. P. 47; 28 U.S.C. § 1870. Peremptory challenges must not be used to exclude potential jurors for discriminatory reasons. *See Batson v. Kentucky*, 476 U.S. 79 (1986).

No one is allowed to record the proceedings by any means. **Recording Zoom proceedings without permission from the Court is illegal.**

**3.6    Courtroom Technology.**

Jurors have high expectations about the lawyers' ability to use the courtroom technology. Training on the built-in courtroom equipment is strongly encouraged, and it is the parties' responsibility to participate in training sufficiently before the start of trial, if needed. *See* https://www.wawd.uscourts.gov/attorneys/trial-support for more information. At the pretrial conference, the parties must arrange with Grant Cogswell, Courtroom Deputy, to schedule a time to test any equipment that they wish to use at trial. Absent extraordinary circumstances, trial will not be delayed because of technical difficulties.

**3.7    Deposition Designations.**

The parties must follow LCR 32(e), except that for each deponent the parties intend to offer deposition testimony instead of, or in addition to, live testimony, the

parties submit (1) a single copy of the highlighted deposition transcript, with designations and counter designations highlighted in different colors, including typed objections in the margins; and (2) a proposed order in Word format, including a chart setting forth any objections and responses in substantially the following format:

| Page/Ln. No. | Objection | Response | Ruling |
|---|---|---|---|
|  |  |  |  |

The parties must meet and confer about any disputed deposition designations before submitting them to the Court for a ruling.

For jury trials, unless a video deposition is presented, the party offering deposition testimony must provide a person to read the answers from the witness stand.

**3.8    Other Pretrial Guidance.**

All argument and witness questioning should occur from the courtroom lectern. Do not approach the jury or a witness without permission.

If you need an accommodation for a court appearance or have accessibility-related questions, please contact Grant Cogswell, Courtroom Deputy.

The Court invites parties and counsel to share their honorifics or pronouns—such as Ms., Mx., or Mr.—so that the Court may address them respectfully. People appearing before the Court may do so in an email to, or speaking with, Judge Whitehead's Courtroom Deputy, or when appearing for court.

ORDER SETTING PRETRIAL PROCEDURES - 7

Cellphones are allowed inside Judge Whitehead's courtroom, but they must be turned *off* when court is in session. If your laptop or tablet features a digital assistant (e.g., *Siri*), be sure to disable the voice-prompt or always-listening feature to avoid accidental courtroom interruptions.

Finally, be on time; if you're able, stand when speaking; address all remarks to the Court, not opposing counsel; be professional and ethical; be courteous and respectful to courtroom staff at all times.

### 4.  SETTLEMENT

If this case settles, counsel must notify Grant Cogswell, Courtroom Deputy, as soon as possible at grant_cogswell@wawd.uscourts.gov. An attorney who fails to give the courtroom deputy prompt notice of settlement may be subject to sanctions or discipline under LCR 11(b).

Dated this 7th day of February, 2024.

Jamal N. Whitehead
United States District Judge