UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA AND ERIC LENTZ, | CASE NO. 22-cv-01439 |
| Plaintiffs, | ORDER GRANTING MOTION TO ENFORCE SETTLEMENT |
| v. | |
| TARGET CORPORATION; BLACK AND WHITE I-V; DOES I-V, | |
| Defendants. | |

On April 24, 2024, the Court heard oral argument on Plaintiffs Cassandra and Eric Lentz's Motion to Enforce Settlement against Defendant Target Corporation. Dkt. No. 41. The Court considered the parties' briefing and argument and GRANTED the motion during the hearing. This written Order memorializes the Court's oral ruling.

On February 26, 2024, the parties informed the Court they had reached a settlement in this personal injury action. *See* Dkt. The Court ordered the parties to file a stipulated dismissal of the case within 30 days of March 6, 2024, or to file a joint status report. *See* Dkt. No. 40. On March 28, 2024, the Lentzes moved to enforce their settlement with Target. Dkt. No. 41. On April 10, 2024, the parties

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT - 1

filed an untimely joint status report, "inform[ing] the Court that they have been unable to finalize settlement." Dkt. No. 45. The crux of the dispute was that Target insisted on paying an ERISA lienholder directly rather than paying all settlement funds to the Lentzes.

The Lentzes argue that the parties did in fact reach a settlement agreement: "Target agreed to pay Ms. Lentz a specific amount in exchange for 'confidentiality, a full release, hold harmless agreement, satisfaction of any liens out of settlement proceeds . . . a dismissal with prejudice . . . [and] a certification that none of Plaintiff's care has been paid for by Medicare.'" Dkt. No. 41 at 1. In its briefing and during oral argument, Target did not dispute this account. *See* Dkt. No. 43. Instead, Target argued the Lentzes withheld information about the status of any liens and that "Plaintiffs offer no compelling reason they [sic] must pay the ERISA lien directly . . . ." Dkt. No. 43 at 3.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). A district court may only enforce complete settlement agreements. *Id.* "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (citation omitted). Under Washington law, "[s]ettlements are considered under the common law of contracts." *Condon v. Condon*, 298 P.3d 86, 92 (2013). "For a valid contract to exist, there must be mutual assent, offer, acceptance, and consideration." *In re Marriage of Obaidi & Qayoum*, 226 P.3d 787, 790 (2010); *see*

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT - 2

*Keystone Land & Dev. Co. v. Xerox Corp.,* 94 P.3d 945, 949 (2004) ("Generally, manifestations of mutual assent will be expressed by an offer and acceptance."). "Washington follows the objective manifestation theory of contracts," where the Court determines "the intent of the parties based on the objective manifestations of the agreement, rather than any unexpressed subjective intent of the parties." *Condon*, 298 P.3d at 92.

Here, as confirmed by the parties during oral argument, all the elements to a valid contract are present. And despite claiming otherwise in its briefing, Dkt. No. 43 at 4, Target conceded at the hearing that the parties had reached an agreement on all material terms, which did not provide for Target making direct payments to the Lentzes' lienholders. So the answer to Target's question about whether the Lentzes have offered a compelling reason why *all* the settlement funds should be paid to them, as opposed to a portion being paid directly to a lienholder, is simple: that's what the parties bargained for. *See Callie*, 829 F.2d at 890 (citations omitted). Indeed, it was not until after the parties had struck a deal that Target tried to inject the requirement that it pay the Lentzes' lienholders directly. Dkt. No. 42-2 at 1. ("Target/Sedgwick recently began requiring that they pay liens directly. *I apologize for not raising it sooner.*") (emphasis added). Thus, Target's attempt to add this term is too little too late. *Condon*, 298 P.3d at 92 ("Courts will not revise a clear and unambiguous agreement or contract for parties or impose obligations that the parties did not assume for themselves.").

As for Target's contention that the Lentzes failed to "produce any documentation of liens," Target stops well short of claiming, much less

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT - 3

demonstrating, fraudulent inducement or misrepresentation by the Lentzes, so the Court will not consider the issue further.

For these reasons, and those expressed at the hearing, the Lentzes' motion, Dkt. No. 41, is GRANTED.

It is so ORDERED.

Dated this 30th day of April, 2024.

Jamal N. Whitehead
United States District Judge